O’Neall, J.
I agree with the presiding judge that the plaintiff on the pleadings and proof could not recover. The fact that parties sign a contract purporting on its face to be joint, at different times, does not necessarily make it a several contract. If the execution was in pursuance of the intention and understanding of all the parties to it, some executing it at one time and others at another, there can be no doubt that it is as much a joint contract as if all had executed at once. The case of Ives v. Pickett, 2 M’C. 271, was where two had signed a note, and a third, without the knowledge of one of those who had signed it afterwards, signed it also. It was hold that this was not a joint undertaking by all the parties who had made the note, and it was clearly correct. For the three who signed the note did concur in the promise. But that case docs not apply tolhis. It is true the obligors signed the bond at different times. There was no proof that this separate execution was without the knowledge and against the consent of each or any of the ob-ligors. The presumption is that it was by their consent. For they executed a paper purporting to bo a joint bond, and which therefore they must all have known to require more than one to execute it. The fact of signing, sealing and delivering such a paper would seem to be an agreement,to be bound by it, whenever one or more other persons executed it. This is a legal conclusion which until rebutted by shewing that some one executed the bond without the knowledge or against the consent of the other obligors, would on proof of the fact of execution by all, although at different times, have entitled the plaintiff to recover.
The bond was in the first instance declared on as a joint bond against two of the obligors, the third being out of the State, and the action being by act of Assembly, permitted to be brought jointly against the two within the State. The proof was that one executed it; and there was no proof as to the other. Resting the case at this point, it is clear from authority that the plaintiff could not recover. 1 Saund. on Plead, and Ev. marg. pages 145, 146.
it is then necessary to inquire, whether the discontinuance *424 ^ the plaintiff as to the one whose deed the bond could not be proved to be, could enable the plaintiff to maintain this aC(.jon- jn actions on joint and several contracts in this State, ^ plaintiff has been permitted on being unable to prove the case as t0 one 0f the parties, to discontinue as to him and to take judgement against the other as to whom the proof established the case. But in joint contracts no such rule ever has prevailed in this State., In 1 Saund. on Plead and Ev. marg. page 146, the rule in an analogous case is clearly stated to be “when the contract has in fact been made by all the defendants, yet in point of law is not binding on some or one of them, by reason of their not having been originally liable, as from infancy, coverture &c. it will be a ground of nonsuit if such party be joined; and tlieplaintiffi cannot cure the defect by entering a nolle prosequi as to him, but must commence afresh action against the rest only.” It is clear, if in such a case as that pointed out in the authority (when the party never was legally bound) that a discontinuance as to him will not enable the plaintiff to recover against the others, that it cannot enable the plaintiff to recover on a joint contract against one, when from aught that appears, the others who appear to have executed the bond may in fact have done so, and may be legally bound by it.
But it is said this is not a discontinuance, and that the plaintiff amended his declaration with leave of the Court by striking out the name of the one of the parties against whom the contract was not proved. This cannot avail the plaintiff for after his declaration is amended, his contract, when adduced and proved against one, purports to be a joint contract entered into by him with others. This will not sustain the allegation of a several contract.
The motion to set aside the nonsuit is dismissed','
Johnson and Harper, Js. concurred.